UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAHMOUD ALI MEHDI,

        Petitioner,                                  Hon. Richard Alan Enslen

v.                                                     Case No. 5:05-CV-48

ALBERTO GONZALES, et al.,

        Respondents.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Respondent's Motion to Dismiss Habeas Petition. (Dkt. #10). In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the Court recommends that Respondent's motion be **granted in part and denied in part** as discussed herein.

**I.**        **Background**

The following allegations are taken from Mehdi's petition for writ of habeas corpus. (Dkt. #1). Petitioner is a native and citizen of Lebanon. He departed Lebanon in 2001 after being subjected to torture by Hezbollah agents. Petitioner lawfully entered the United States, but subsequently fled to Canada seeking residency and asylum. In February 2005, Petitioner was deported from Canada and returned to the United States. Immediately upon his return to the United States, Petitioner was taken into custody and deportation proceedings initiated. A final order of deportation was later entered and

Petitioner is presently awaiting removal from the United States. Petitioner subsequently initiated the present action, pursuant to 28 U.S.C. 2241,[1] challenging his pending removal from this country.

**II.       Analysis**

        A.     The REAL ID Act of 2005

Federal law grants to the federal courts jurisdiction to review orders of removal. *See* 8 U.S.C. § 1252. On May 11, 2005, the President of the United States signed legislation, one provision of which, the REAL ID Act of 2005, significantly restricts the jurisdiction of the United States District Courts to review orders of removal or deportation. *See* Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub. L. No. 109-13, 119 Stat 231, Div. B ("the REAL ID Act").

The REAL ID Act amends 8 U.S.C. § 1252 to provide that the "courts of appeals...shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e)."[2] *Id.* at § 106(a). This legislation expressly states that "the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of Title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory)." *Id.*

---

[1] 28 U.S.C. § 2241 provides that habeas corpus relief may extend to any person "in custody in violation of the Constitution or laws or treaties of the United States."

[2] 8 U.S.C. § 1252(e) addresses judicial review of removal orders under section 1225(b)(1), a provision applicable to "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled." This provision is not applicable on the facts alleged by Petitioner.

> The REAL ID Act further provides as follows:
>
> If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed. . ."

*Id.* at § 106(c)

As part of his petition for writ of habeas corpus, Petitioner seeks judicial review of his final order of removal. Pursuant to the authority articulated above, the Court concludes that such portion of Mehdi's petition for writ of habeas corpus must be transferred to the Sixth Circuit Court of Appeals for resolution.

### B.   8 U.S.C. § 1231

Petitioner also asserts that he is being illegally detained pending resolution of his challenge to his final order of removal. Petitioner requests that the Court order that he be released "on his own recognizance or on a reasonable bond" pursuant to 8 U.S.C. § 1231(a)(3), (6).

Section 1231 provides that once a final order of removal has been entered, the Attorney General "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). This 90 day period is referred to as the "removal period." *Id.* If removal is not effected during the removal period, "the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3). The statute further provides that certain inadmissible or criminal aliens, or aliens who have been determined "to be a risk to the community or

unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)." 8 U.S.C. § 1231(a)(6).

In *Rumsfeld v. Padilla*, 124 S.Ct. 2711 (2004), the Supreme Court held that, pursuant to the "immediate custodian rule," whenever a habeas petitioner challenges his "present physical confinement" the proper respondent is "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 2718-19. Failure to name as respondent the appropriate individual deprives the Court of jurisdiction over the proper respondent, thus necessitating dismissal of the petition. *See Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004) ("a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian"); *Deng v. Garcia*, 352 F.Supp.2d 373, 375-76 (E.D.N.Y. 2005) (same).

Petitioner's claim that he is being illegally detained pending resolution of his challenge to his final order of removal certainly constitutes a challenge to his present physical confinement. However, because Petitioner has failed to name as respondent the individual who exercises custody over his person, this Court lacks the jurisdiction to consider this particular aspect of Mehdi's petition for writ of habeas corpus. Accordingly, to the extent that Petitioner seeks to be released from custody pending resolution of his challenge to his final order of removal, the Court recommends that Respondent's motion to dismiss be granted.

## CONCLUSION

For the reasons articulated herein, the Court recommends that Respondent's <u>Motion to Dismiss Habeas Petition</u>, (dkt. #10), be **granted in part and denied in part**. Specifically, the Court recommends that to the extent that Petitioner seeks judicial review of his final order of removal, such

claim be transferred to the Sixth Circuit Court of Appeals. To the extent that Petitioner seeks to be released from custody pending resolution of his challenge to his final order of removal, the Court recommends that such claim be dismissed for lack of jurisdiction.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: June 20, 2005         /s/ Ellen S. Carmody
                            ELLEN S. CARMODY
                            United States Magistrate Judge